**07 CIV 8220**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

McDERMOTT & RADZIK, LLP.,

                        Plaintiff,

    -against-

GRACE AHRENS,
WILLIAM H. MARTOCCIA, INC. and
WHM, INC.,

                      Defendants,

------------------------------------------------------------X

ECF CASE

COMPLAINT

07 CIV.

[RECEIVED SEP 20 2007 U.S.D.C. CASHIER]

McDERMOTT & RADZIK, LLP, attorneys for plaintiff herein:

### PARTIES

1. Plaintiff is a law partnership in the form of a limited liability partnership, whose partners are licensed to practice in the State of New York. It was previously known as DONOVAN PARRY McDERMOTT & RADZIK.

2. Plaintiff at all material times maintained an office for the practice of law in the State of New York located at Wall Street Plaza, 88 Pine Street, New York, New York 10005.

3. On or about March 1, 2006, plaintiff formally changed its name from DONOVAN PARRY McDERMOTT & RADZIK to McDERMOTT & RADZIK, LLP (hereinafter "McDERMOTT & RADZIK" collectively, referring to the firm under both names). The partners in the plaintiff's law firm were and are all residents and citizens of the State of New York.

4. Defendant, GRACE AHRENS, is and was at all material times, a resident of the State of Connecticut, having a last known address at 34 Country Club Road, Stamford, CT 06903.

5. Defendant, WILLIAM H. MARTOCCIA, INC.(a/k/a WHM, Inc.), is and was at all relevant times a corporation organized under the laws of the State of Connecticut with a principal place of business located in that state at 9 Old Kings Highway, South Darien, CT 06820 and engaged in business as a general insurance agency for CLARENDON INSURANCE COMPANY to manage certain insurance policies and collect premiums.

## JURISDICTION

6. The Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1332 in that the action involves a controversy between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

7. Defendant, GRACE AHRENS, is and was at all material times an officer, the President of defendant, WILLIAM H. MARTOCCIA, INC.

8. The defendants are subject to the personal jurisdiction of this Court because they entered into a legal services contract with plaintiff in New York; the Contract was to be performed in New York, transacted business within the State of New York and because all injuries and damages suffered by plaintiff occurred in New York State.

## AS AND FOR A FIRST CAUSE OF ACTION

9. On October 5, 2005, in New York, plaintiff and defendants AHRENS and WILLIAM H. MARTOCCIA, INC., entered into a written agreement whereby McDERMOTT & RADZIK, LLP. agreed to provide legal services in New York to each of them for which both defendants, on their own behalf and on behalf of each other, would pay on a

monthly basis, as billed, for all fees and disbursements. A copy of the October 5, 2005 agreement annexed as Exhibit "A".

10. The litigation for which plaintiff was retained involved a lawsuit pending in New York County, Supreme Court, 60 Centre Street, New York, New York commenced against both defendants by CLARENDON INSURANCE COMPANY seeking $6,091,000.00 from defendants for alleged conversion of premiums collected, breach of fiduciary duty and breach of contract in connection with general insurance agency agreements. Plaintiff also represented defendants in the suit they had commenced against CLARENDON seeking recovery of management fees.

11. Plaintiff represented defendants in the aforesaid actions from October 5, 2005 to July 12, 2007, when it was formally relieved as counsel by Honorable Richard B. Lowe III's Order, pursuant to motion by plaintiff herein, because of defendants' wrongful refusal and failure to pay outstanding legal fees and disbursements totaling $105,513.43.

12. Plaintiff had billed defendants, pursuant to this Agreement, from January 2006 to February 2007. Each of the invoices set out the work performed and the hourly rate of the attorney performing the work. The work detailed extensive document production and examination, deposition preparation and motion practice. The claims asserted against defendants sounded in breach of fiduciary duty, conversion of funds and arose out of insurance agency agreements and the underwriting of insurance risks. It also involved examining numerous documents including correspondence, detailed financial reports and statements, contracts and reinsurance agreements and treaties dating back to 1997.

13. Plaintiff had billed defendants $146,747.73 of which only $41,234.30 in fees has been paid, leaving an outstanding balance of $105,513.43.

14. Defendants have never questioned the quality of the legal work performed by plaintiff, the hourly rate, or total amount charged for legal services. In fact, at a hearing on the Motion to be Discharged, defendants admitted that the aforesaid charges were due and owing.

15. Plaintiff has performed as conditions precedent all contractual obligations on its part to be performed. As a direct and proximate result of defendants' failure to pay this contractual obligation, plaintiff has suffered injuries and damages in the amount of $105,513.43, no part of which has been paid, although duly requested.

WHEREFORE, plaintiff demands judgment in the amount of $105,513.43 with interest and such other relief as to the Court seems just.

Dated: September 17, 2007
New York, New York

By: McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff

_____
Daniel G. McDermott (DM-3449)
A member of the firm
88 Pine Street 21st Floor
New York, New York 10005
212-376-6400

TO: GRACE AHRENS
34 Country Club Road
Stamford, CT 06903

WILLIAM H. MARTOCCIA, INC.
a/k/a WHM, INC.
9 Old Kings Highway
South Darien, CT 06920