UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

McDERMOTT & RADZIK, LLP.,

                              Plaintiff,       **ECF CASE**

       -against-                **FIRST AMENDED COMPLAINT**

GRACE AHRENS,                    07 CIV. 8220 (SHS)
WILLIAM H. MARTOCCIA, INC. and
WHM, INC.,

                            Defendants,

-----------------------------------------------------------X

McDERMOTT & RADZIK, LLP, attorneys for plaintiff herein:

**PARTIES**

1. Plaintiff is a law partnership in the form of a limited liability partnership, whose partners are licensed to practice in the State of New York. It was previously known as DONOVAN PARRY McDERMOTT & RADZIK.

2. Plaintiff at all material times maintained an office for the practice of law in the State of New York located at Wall Street Plaza, 88 Pine Street, New York, New York 10005.

3. On or about March 1, 2006, plaintiff formally changed its name from DONOVAN PARRY McDERMOTT & RADZIK to McDERMOTT & RADZIK, LLP (hereinafter "McDERMOTT & RADZIK" collectively, referring to the firm under both names). The partners in the plaintiff's law firm were and are all residents and citizens of the State of New York.

4. Defendant, GRACE AHRENS, is and was at all material times, a resident of the State of Connecticut, having a last known address at 34 Country Club Road, Stamford, CT 06903.

5. Defendant, WILLIAM H. MARTOCCIA, INC.(a/k/a WHM, Inc.), is and was at all relevant times a corporation organized under the laws of the State of Connecticut with a principal place of business located in that state at 9 Old Kings Highway, South Darien, CT 06820 and engaged in business as a general insurance agency for CLARENDON INSURANCE COMPANY to manage certain insurance policies and collect premiums.

## JURISDICTION

6. The Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §1332 in that the action involves a controversy between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.

7. Defendant, GRACE AHRENS, is and was at all material times an officer, the President of defendant, WILLIAM H. MARTOCCIA, INC.

8. The defendants are subject to the personal jurisdiction of this Court because they entered into a legal services contract with plaintiff in New York; the Contract was to be performed in New York, transacted business within the State of New York and because all injuries and damages suffered by plaintiff occurred in New York State.

## AS AND FOR A FIRST CAUSE OF ACTION

9. On October 5, 2005, in New York, plaintiff and defendants AHRENS and WILLIAM H. MARTOCCIA, INC., entered into a written agreement whereby McDERMOTT & RADZIK, LLP. agreed to provide legal services in New York to each of them for which both defendants, on their own behalf and on behalf of each other, would pay on a

monthly basis, as billed, for all fees and disbursements. A copy of the October 5, 2005 agreement annexed as Exhibit "A".

10. The litigation for which plaintiff was retained involved a lawsuit pending in New York County, Supreme Court, 60 Centre Street, New York, New York commenced against both defendants by CLARENDON INSURANCE COMPANY seeking $6,091,000.00 from defendants for alleged conversion of premiums collected, breach of fiduciary duty and breach of contract in connection with general insurance agency agreements. Plaintiff also represented defendants in the suit they had commenced against CLARENDON seeking recovery of management fees.

11. Plaintiff represented defendants in the aforesaid actions from October 5, 2005 to July 12, 2007, when it was formally relieved as counsel by Honorable Richard B. Lowe III's Order, pursuant to motion by plaintiff herein, because of defendants' wrongful refusal and failure to pay outstanding legal fees and disbursements totaling $105,513.43.

12. Plaintiff had billed defendants, pursuant to this Agreement, from January 2006 to February 2007. Each of the invoices set out the work performed and the hourly rate of the attorney performing the work. The work detailed extensive document production and examination, deposition preparation and motion practice. The claims asserted against defendants sounded in breach of fiduciary duty, conversion of funds and arose out of insurance agency agreements and the underwriting of insurance risks. It also involved examining numerous documents including correspondence, detailed financial reports and statements, contracts and reinsurance agreements and treaties dating back to 1997.

13. Plaintiff had billed defendants $146,747.73 of which only $41,234.30 in fees has been paid, leaving an outstanding balance of $105,513.43.

14. Defendants have never questioned the quality of the legal work performed by plaintiff, the hourly rate, or total amount charged for legal services. In fact, at a hearing on the Motion to be Discharged, defendants admitted that the aforesaid charges were due and owing.

15. Plaintiff has performed as conditions precedent all contractual obligations on its part to be performed. As a direct and proximate result of defendants' failure to pay this contractual obligation, plaintiff has suffered injuries and damages in the amount of $105,513.43, no part of which has been paid, although duly requested.

WHEREFORE, plaintiff demands judgment in the amount of $105,513.43 with interest and such other relief as to the Court seems just.

Dated: October 22, 2007
New York, New York

McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff

By: _____
Daniel G. McDermott (DM-3449)
A member of the firm
88 Pine Street 21st Floor
New York, New York 10005
212-376-6400

TO: GRACE AHRENS
34 Country Club Road
Stamford, CT 06903

WILLIAM H. MARTOCCIA, INC.
a/k/a WHM, INC.
9 Old Kings Highway
South Darien, CT 06920

4

c:\first amended complaint 102207.docx

**EXHIBIT A**

## DONOVAN PARRY McDERMOTT & RADZIK

WALL STREET PLAZA
88 PINE STREET
NEW YORK, NEW YORK 10005-1801

TELEPHONE (212) 376-6400
TELECOPIER (212) 376-6490

October 5, 2005

Ms. Grace Ahrens
WHM, Inc.
9 Old Kings Highway South
Darien, CT 06820

Re:   **Clarandon National Insurance Company
      v. WHM, Inc. and Grace Ahrens**

Dear Ms. Ahrens:

Thank you for selecting us to represent you in connection with the above matter.

Our engagement is limited to performance of services related to the above matter. Briefly, we will review the documents obtained through your previous counsel, Chadbourne & Parke, LLP, and prepare and file a Notice of Appearance in the action. Chadbourne & Parke had filed an Answer to the Second Amended Complaint.

The fees for these services will be based on the time which we must expend in accomplishing what you wish us to do. We cannot estimate the total fee for the assignment at this time. However, we will provide you with an estimate shortly. Occasionally, the time spent on the client's behalf can be higher than estimated, as when collateral issues arise, or the interest of minor distributees are involved, or it requires a greater than anticipated amount of conference time in reviewing the documents. If this occurs, our fees may then exceed our estimate.

We request a $10,000.00 retention, to be used to offset initial fees and disbursements while we undergo our investigation in preparation of the defense of WHM, Inc. and Grace Ahrens.

Our statement for services will usually be submitted on a monthly basis. Please confirm the terms of our retention by signing the enclosed copy of this letter.



**Donovan Parry McDermott & Radzik**

Ms. Grace Ahrens
WHM, Inc..
October 5, 2005
Page 2

---

      Please feel free to discuss with us any questions that you ever have concerning a fee charged by our firm. We want our clients to be satisfied with both the quality of our services and the reasonableness of the fees that we charge for those services. We will attempt to provide as much billing information as you require. If you dispute any bill or bills we submit to you, totaling the sum of $1,000.00 through and including $50,000.00, you may <u>have the right</u> to elect to resolve any such dispute by arbitration under Part 137 of the Rules of the Chief Administrator of Courts (22 NYCRR). A copy of Part 137 will be furnished to you upon request.

      Please review this letter carefully and if it meets with your approval, please sign the enclosed copy of this letter and return it to us so that we may undertake this assignment. Please call the undersigned if you have any question or questions.

                          Sincerely yours,

                      DONOVAN PARRY McDERMOTT & RADZIK

By:

                            Daniel G. McDermott

DGM/jad

**Accepted and Agreed:**

      WHM, Inc.

By: _[signature]_

_10-05-05_
Date

_[signature]_
**Grace Ahrens**

_10-05-05_
**Date**

